RENDERED:  DECEMBER 2, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0051-MR

NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING                                            APPELLANT


v.
APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE VERNON MINIARD, JR., JUDGE
ACTION NO. 13-CI-00132


MARY YVONNE EMERSON                                            APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  NewRez LLC d/b/a Shellpoint Mortgage Servicing

("NewRez") appeals from the order dismissing its foreclosure action against Mary

Yvonne Emerson ("Mary").  NewRez argues Mary and her husband, Donnie E.

Emerson's, ("Donnie") discharge of their debts in her Chapter 7 bankruptcy case

did not preclude NewRez from obtaining an in-rem foreclosure on its unrecorded

mortgage lien.  After careful review, we reverse and remand.

On May 28, 2003, Mary borrowed $194,150.00 from GMAC Mortgage Corporation ("GMAC") for the purchase of a home in Russell County. The mortgage loan was evidenced by a promissory note signed by Mary, and it was secured by a mortgage on the property signed by Mary and Donnie. The mortgage was never recorded in the Russell County Clerk's office.

In 2011, Mary defaulted on the note and mortgage by failing to make the required payments. On February 22, 2013, GMAC filed the underlying foreclosure action against Mary, individually and as trustee of the Emerson family trust, and Donnie. GMAC also named two other creditors as defendants, United Citizens Bank of Southern Kentucky, Inc. ("United Citizens") and Mortgage Electronic Registration Systems, Inc. ("MERS"). On March 29, 2013, United Citizens filed an answer, counterclaim, and crossclaim. The other parties did not initially file responsive pleadings because the case was stayed pending the Emersons' bankruptcy case.

On March 13, 2013, the Emersons filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky under Case No. 13-10266. In the bankruptcy Schedule F, GMAC was listed as a creditor holding an unsecured, nonpriority claim. Record ("R.") at 567. Mary did not reaffirm the debt owed to GMAC, redeem the property, or surrender it. Additionally, neither the Emersons nor the bankruptcy trustee moved to avoid

the mortgage. On July 13, 2013, an order of discharge was entered in the bankruptcy case.

On April 12, 2013, the circuit court foreclosure case was automatically stayed during the bankruptcy proceedings. Although the bankruptcy court entered the order of discharge in 2013, GMAC did not file a notice to terminate the automatic stay until November 15, 2015.

For the next few years, the parties engaged in motion practice. In May 2016, MERS transferred its interest to Nationstar Mortgage LLC ("Nationstar") and Nationstar was substituted as a defendant. Nationstar then filed an answer, counterclaim, and crossclaim, and the other parties responded.

In 2017, the Emersons moved for summary judgment against GMAC. The circuit court initially granted the Emersons' motion for summary judgment against GMAC, but the court later entered an agreed order vacating the order. The Emersons' motion for summary judgment was the first pleading they filed in response to GMAC's 2013 complaint.

On January 30, 2018, the circuit court entered an order substituting Ditech Financial LLC FKA Green Tree Servicing LLC as the plaintiff after GMAC assigned the mortgage to Ditech.

On August 28, 2018, the circuit court entered an agreed order dismissing United Citizens because its claim was satisfied and its lien on the property released.

On September 19, 2018, Ditech moved for summary judgment and order of sale, requesting an in-rem judgment against Mary and Nationstar. Nationstar opposed the motion arguing Ditech's mortgage was unrecorded, so it did not have actual notice of the lien. The Emersons also opposed the motion. A hearing on this motion was continued indefinitely.

On January 28, 2020, the circuit court entered an agreed order dismissing all claims and counterclaims between Ditech and Nationstar. The same day, the circuit court entered an agreed order dismissing Nationstar's crossclaims against the Emersons.

On March 19, 2020, the Emersons filed a motion requesting the circuit court order Ditech to provide their counsel the original promissory note and mortgage.

Ditech transferred the loan to NewRez, and it began servicing the mortgage loan on December 1, 2019. On August 4, 2020, NewRez filed a motion to substitute as plaintiff, which was granted by order entered August 11, 2020.

For nearly a year, the circuit court case was effectively stayed by the United States Department of Housing and Urban Development's foreclosure and

eviction moratorium for borrowers with FHA-insured single-family mortgages covered under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

On September 24, 2021, NewRez filed a motion for summary judgment on its foreclosure claim. As Mary's personal liability was discharged in bankruptcy, NewRez only sought an in-rem foreclosure judgment and order of sale.

On October 11, 2021, the Emersons filed a response and motion to dismiss. First, the Emersons argued NewRez only provided a copy of the note and mortgage and failed to provide original documents for inspection. Second, they argued NewRez was barred from obtaining judgment because the mortgage was not recorded and Mary's liability on the debt securing the mortgage was discharged in bankruptcy.

During a hearing on October 12, 2021, the circuit court inspected the original note produced by NewRez's counsel. R. at 677. At the conclusion of the hearing, the circuit court granted the parties time to file supplemental briefing and took the matter under advisement.

On December 20, 2021, the circuit court entered an order denying NewRez's motion for summary judgment and granted the Emersons' motion to dismiss. The court found NewRez was not entitled to foreclose because "in that

the debt was discharged by the United States Bankruptcy Court, . . . there is no indebtedness owed by the [Emersons] to [NewRez] to be secured by a mortgage." R. at 695. This appeal followed.

On appeal, NewRez argues the circuit court erred in failing to enter a judgment in its favor because the discharge of the Emersons' personal liability in bankruptcy did not affect its ability to obtain an in-rem judgment and order of sale of the property in state court. Neither summary judgment nor an order dismissing requires any finding of fact, so we review de novo. *Keaton v. G.C. Williams Funeral Home, Inc.*, 436 S.W.3d 538, 542 (Ky. App. 2013).

The circuit court erred in finding the bankruptcy court's discharge of the Emersons' personal liability barred NewRez from foreclosing on the property. Whether a creditor may collect debts in personam under a promissory note or in-rem under a mortgage are matters handled separately. Under federal law, bankruptcy courts have subject matter jurisdiction to "enjoin[] attempts to collect discharged debts 'as a personal liability of the debtor.'" *In re Isaacs*, 895 F.3d 904, 913 (6th Cir. 2018) (quoting 11 U.S.C.[1] § 524(a)). State courts have subject matter jurisdiction over in-rem foreclosure actions because a debtor's personal liability is not at stake. *Id.* Thus, once a bankruptcy case is closed, a creditor is

---

[1] United States Code.

-6-

"free to record the mortgage and pursue *in rem* foreclosure of the subject property"

in state court. *In re Williams*, 490 B.R. 236, 239 (Bankr. W.D. Ky. 2013).

> In Kentucky, an unrecorded mortgage is not void but is valid between the parties to such transaction, but not to purchasers who had no notice thereof. The failure to record the mortgage only affects the priority of creditor, claims against the property.
>
> In the case at bar, the unrecorded mortgage was not avoided in Debtor's First Chapter 7 filing. The Supreme Court has stated that liens that are not otherwise avoided for the benefit of the estate or a debtor under Sections 522, 544, 545, 547, 548, 549 or 724(a), pass through bankruptcy unaffected. . . . The Chapter 7 discharge only enjoins enforcement of the personal liability of the debtor on the mortgaged debt. Discharge does not constitute payment or satisfaction of that debt. The holder of the unavoided mortgage retains a liquidation preference in the proceeds from the sale of the mortgaged property.
>
> In the case at bar, the Trustee in Debtor's First Chapter 7 Case could have avoided the unrecorded contractual lien under 11 U.S.C. § 544(a)(3) on Debtor's property, but no such action was undertaken. The Bank's right to foreclose on the mortgage *in rem* passed through and survived the bankruptcy. Upon abandonment of the property by the Trustee to Debtor, title to the real estate revested in the Debtor, subject to Debtor's contractual mortgage lien granted to the Bank.

*Id.* (citations omitted).

Here, NewRez does not contest the bankruptcy court's discharge of

the Emersons' personal liability on the promissory note. Instead, NewRez sought

to enforce its right to foreclose on the mortgage and obtain an order for the sale of

the property. Mary did not reaffirm or redeem the mortgage loan in Chapter 7 bankruptcy. Instead, she obtained a discharge of her personal liability under the note. Nor did the bankruptcy trustee move to avoid the mortgage in bankruptcy. Thus, NewRez's right to foreclose on the property passed through and survived bankruptcy. It follows, therefore, that the Emersons, if in default, are not entitled to retain the property.

Although NewRez and its predecessors failed to record the mortgage, the fact that its lien is unperfected only affects priority. The circuit court had subject matter jurisdiction to determine the validity of the mortgage lien and whether the Emersons were in default and, if so, to enter a judgment and order of sale. Thus, the circuit court erred in finding the bankruptcy court's order (discharging the Emersons' personal liability on the promissory note) and NewRez's failure to record the mortgage prevented NewRez from foreclosing on the property.

On remand, the circuit court must make findings as to the validity of the note and mortgage and whether the Emersons defaulted on the note. *In re Isaacs*, 895 F.3d at 914. The circuit court need not "make a finding as to whether the mortgage [was] perfected." *Id.* If NewRez has a valid lien, regardless of perfection, and the Emersons are in default, then NewRez is entitled to a judgment and order of sale of the property.

-8-

Though NewRez's mortgage is unrecorded, it may record it at any time.  Even if NewRez never records the mortgage, this only affects the priority of its lien on the property.

For the foregoing reasons, we reverse the judgment of the Russell Circuit Court and remand.  We instruct the circuit court to proceed with in-rem foreclosure proceedings.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Shannon O'Connell Egan
Nathan H. Blaske
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Joel R. Smith
Jamestown, Kentucky